UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GARRETT LEE JONES, | CIVIL NO. 15-2679 (JRT/JSM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JOHN EGELHOF; DONAVON WIND; THOMAS B. HEFFELFINGER; ERICA H. MACDONALD; U.S. MARSHALL, Unknown; ANN D. MONTGOMERY; RED LAKE TRIBAL LAW & JUSTICE; BUREAU OF INDIAN AFFAIRS; RED LAKE TRIBAL POLICE OFFICERS, Unknown; and MIKE GRAVES, | |
| Defendants. | |

JANIE S. MAYERON, United States Magistrate Judge

Plaintiff Garrett Lee Jones, a federal prisoner, commenced this action by filing a complaint raising civil-rights claims against the named defendants. In an order dated June 15, 2015, this Court ordered that Jones pay an initial partial filing fee of at least $55.28 within 20 days, failing which this Court would recommend that this action be dismissed without prejudice for failure to prosecute. See Docket No. 3; 28 U.S.C. § 1915(b); Fed. R. Civ. P. 41(b). That deadline was later extended to July 24, 2015. See Docket No. 6.

This Court had not received notice of Jones's payment of the initial partial filing fee by the deadline, and so, on August 3, 2015, this Court recommended that this action be dismissed without prejudice for failure to prosecute. See Docket No. 7. It appears, however, that Jones had attempted to pay the initial partial filing fee, but that the money submitted by Jones was inadvertently applied to Jones's criminal restitution rather than

1

the filing fee in this matter. The money submitted by Jones has now correctly been applied to the filing fee. See Docket No. 9. Because Jones has paid the required initial partial filing fee, this Court recommends that the prior Report and Recommendation recommending dismissal for failure to prosecute be vacated.[1]

This matter is now before this Court for consideration of Jones's application to proceed *in forma pauperis* ("IFP"). After review of the IFP application, this Court concludes that Jones qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints

---

[1] Jones has requested an extension of time to respond to the earlier Report and Recommendation. See Docket No. 10. Because this Court recommends that the earlier Report and Recommendation be vacated, it also recommends that Jones's motion for an extension of time to respond to the earlier Report and Recommendation be denied as moot. Jones, of course, will be given an opportunity to respond to this Report and Recommendation.

are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jones was previously a criminal defendant in this District.  *See United States v. Jones*, No. 03-CR-0442 (ADM/RLE) (D. Minn. indictment filed Dec. 16, 2003).  After a jury trial, Jones was convicted on four counts of aggravated sexual abuse and sentenced to a 360-month term of imprisonment.  The Eighth Circuit affirmed Jones's conviction and sentence on direct appeal.  *See United States v. Jones*, 440 F.3d 927, 928-29 (8th Cir. 2006) (per curiam).  According to Jones, the conduct of the investigators, prosecutors, and sentencing judge during that criminal case amounted to a conspiracy to violate his civil rights by permitting him to be convicted illegally.  Based on those allegations, Jones attempts to recover under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

As Jones was previously cautioned, however, there are at least two insuperable barriers that preclude Jones from succeeding.  *See* Docket No. 3 at 3 n.2.  First, each of the events at issue in Jones's complaint took place in 2005 (when he was sentenced) or earlier (during the investigation and criminal trial).  The statute of limitations for a claim of deprivation of constitutional rights brought under *Bivens* is six years in Minnesota.  *See United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012).  "RICO claims have a four-year statute of limitations."  *Hope v. Klabal*, 457 F.3d 784, 790 (8th Cir. 2006).  Thus, on the face of Jones's complaint (which was filed in 2015), his claims for relief were plainly brought too late.  The clear application of the statutes of limitations for *Bivens* and RICO claims renders Jones's claims frivolous, and this Court recommends dismissal of this action on that basis.  *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Nash v. Lappin*,

172 Fed. App'x 702, 703 (8th Cir. 2006) (per curiam) (noting that although statute of limitations is an affirmative defense, a "district court may properly dismiss [an] in forma pauperis complaint before service when it is apparent from [the] face of complaint that [the] statute of limitations has run.").

Second, Jones's complaint amounts to a collateral challenge to the validity of his conviction and sentence. Under *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994),

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*See also Alexander/Ryahim v. Monroe*, 326 Fed. App'x 977, 978 (8th Cir. 2009) (per curiam) noting that a plaintiff cannot "circumvent a *Heck* bar by bringing claims under RICO"); *Worthington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished table disposition) (recognizing that *Heck* applies to claims brought under *Bivens*). Jones's claims, if successful, would necessarily imply the invalidity of his conviction, sentence, and continuing imprisonment. Accordingly, Jones may not successfully bring the claims raised in his complaint until his conviction is reversed, vacated, expunged, or otherwise called into question.

Finally, this Court notes that claims barred by the statute of limitations are usually dismissed with prejudice, whereas dismissals under *Heck* are usually entered without prejudice. *See, e.g.*, *Steen v. Murray*, 770 F.3d 698, 700-06 (8th Cir. 2014) (affirming dismissal with prejudice on statute-of-limitations grounds); *Leonard v. Muhm*, 181 Fed. App'x 614, 615 (8th Cir. 2006) (per curiam) (converting dismissal under *Heck* to be

4

without prejudice). Because it is unclear what effect a hypothetical future invalidation of Jones's conviction and sentence could have on the applicable statutes of limitations in this case, this Court will recommend out of caution that Jones's complaint be dismissed *without* prejudice.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The August 3, 2015 Report and Recommendation [Docket No. 7] be VACATED.

2. Plaintiff Garrett Lee Jones's motion for an extension of time to respond to the August 3, 2015 Report and Recommendation [Docket No. 10] be DENIED AS MOOT.

3. This action be DISMISSED WITHOUT PREJUDICE.

4. Jones's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated:    September 10, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing **(September 24, 2015)**. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.