## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

GARRETT LEE JONES,

                Plaintiff,

v.

JOHN EGELHOF; DONAVON WIND;
THOMAS B. HEFFELFINGER;
ERICA H. MACDONALD;
U.S. MARSHALL, *Unknown*;
ANN D. MONTGOMERY; RED LAKE
TRIBAL LAW & JUSTICE; BUREAU
OF INDIAN AFFAIRS; RED LAKE
TRIBAL POLICE OFFICERS, *Unknown*;
and MIKE GRAVES,

                Defendants.

Civil No.  15-2679 (JRT/JSM)


**MEMORANDUM OPINION
AND ORDER**

---

       Garrett Lee Jones, #11392-041, Quarters: N-B, FCI, P.O. Box 7007, Marianna, FL  32447, *pro se*.


       Plaintiff Garrett Lee Jones filed this action on June 8, 2015, alleging civil rights claims against the defendants.  Jones attempts to recover under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleging that the investigators, prosecutors, and sentencing judge in his criminal case conspired to violate his civil rights.  On June 15, 2015, United States Magistrate Judge Janie S. Mayeron ordered that Jones pay the initial partial filing fee.  On August 3, 2015, after not receiving any payment, the Magistrate Judge recommended that the Court dismiss Jones' claim without prejudice for failure to prosecute.  (R&R, Aug. 3, 2015, Docket No. 7.)  Once it came to the Court's attention

that Jones' filing fee had been inadvertently applied to his criminal restitution rather than his filing fee, the Magistrate Judge recommended that the Court vacate her prior recommendation, but also dismiss Jones' action without prejudice for failure to state a claim.  (R&R ("Sept. 10 R&R"), Sept. 10, 2015, Docket No. 12.)

On September 28, 2015, Jones filed a motion requesting fourteen additional days to file his objections to the R&R, which the Court granted on October 1, 2015.  (Mot. for Extension of Time, Sept. 28, 2015, Docket No. 13; Order Granting Mot. for Extension of Time, Oct. 1, 2015, Docket No. 15.)  On October 15, 2015, after receiving no objections to the R&R prior to the deadline, the Court issued an order adopting the R&R and dismissing Jones's action.   (Order Adopting R&R, Oct. 15, 2015, Docket No. 16.) However, the Court received Jones' objections four days later, and on November 10, 2015, issued an order staying its prior decision.  (Obj. to R&R ("Obj."), Oct. 19, 2015, Docket No. 18; Order Staying Adoption of R&R, Nov. 10, 2015.)  Jones then filed an application to proceed in forma pauperis ("IFP") on appeal, (Appl. to Proceed In Forma Pauperis on Appeal, Nov. 16, 2015, Docket No. 21), and a Motion to Amend or Make Additional Findings of Fact, (Mot. to Amend, Nov. 16, 2015, Docket No. 23).  The Court will now consider Jones' objections to the R&R recommending dismissal of his action.

## DISCUSSION

### I.     STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g. Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.     JONES' OBJECTIONS

The Magistrate Judge recommended that the Court dismiss Jones' action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which states that the "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." (Sept. 10 R&R at 2.) First, because Jones' claims stem from the investigation, prosecution, and sentencing in his criminal case – all of which occurred in 2005 or earlier – Jones' claims are barred by the applicable statute of limitations. *See United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012) (finding a

six year statute of limitations for *Bivens* action in Minnesota); *see also Hope v. Klabal*, 457 F.3d 784, 790 (8th Cir. 2006) ("RICO claims have a four-year statute of limitations."). Thus, dismissal is warranted because "a district court may properly dismiss an in forma pauperis complaint . . . when it is apparent the statute of limitations has run." *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Second, Jones' claims are barred by *Heck v. Humphrey*, under which a plaintiff cannot maintain a claim for damages that "would render a conviction or sentence invalid," unless the conviction or sentence has been invalidated. 512 U.S. 477, 486-87 (1994). Therefore, Jones' claims are barred because "if successful, [they] would necessarily imply the invalidity of his conviction, sentence, and continuing imprisonment," and his conviction has not been "reversed, vacated, expunged, or otherwise called into question." (Sept. 10 R&R at 4.) A plaintiff cannot "circumvent a *Heck* bar by bringing claims under RICO." *Alexander/Ryahim v. Monroe*, 326 Fed. Appx. 977, 978 (8th Cir. 2009).

Jones does not specifically challenge either of the bases for dismissal. Instead, Jones challenges the IFP screening process found in 28 U.S.C. § 1915 on two grounds. First, Jones argues that the statute is vague and ambiguous because "Congress failed to define frivolous, malicious, [and] fails to state a claim." (Obj. at 2 (internal quotation marks omitted).) However, courts routinely interpret the terms Jones points to as vague and ambiguous; in particular, the standard applied to Jones' claim, "fails to state a claim," has a commonly applied meaning. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (finding that an action fails to state a claim unless it alleges "enough facts to state a claim to relief that is plausible on its face").

Second, Jones' argues that the IFP screening statute violates his right to equal protection. This argument has been rejected by the Eighth Circuit. *See Christiansen v. Clarke*, 147 F.3d 655, 657-58 (8th Cir. 1998) (denying equal protection challenge to § 1915 screening process). Because, the screening process does not discriminate on the basis of a suspect classification, it is subject only to rational-basis review. The Eighth Circuit has found that "because the provision both reduces the burdens on the judicial system and increases the cost to prisoners of filing meritless claims, it is rationally related to the legitimate interest that the statute seeks to further." *Id.* at 658. Accordingly, the Court will overrule Jones' objections, and dismiss Jones' claims for failure to state a claim because they are barred by the applicable statute of limitations and *Heck*.

Jones also moves this Court for recusal of multiple judges based on "pecuniary bias and racial bias," but offers no further details. (Obj. at 3.) A party may seek recusal of a judge based on personal bias or prejudice against a party. 28 U.S.C. § 144. However, the party must "state the facts and the reasons for the belief that bias or prejudice exists." *Id.* Here, Jones has not provided any facts or reasons suggesting that a bias exists, and the Court finds no basis for recusal. Accordingly, the Court will deny Jones' request for recusal.

Because the Court is dismissing Jones' claims, it will deny Jones' IFP application as moot. Also, because the Court considered Jones' objections and vacated its prior order, it will deny as moot his application to proceed IFP on appeal and his motion to amend or make additional findings of fact.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     The Report and Recommendations dated August 3, 2015 [Docket No. 7] is **VACATED**.

2.     The Order Adopting Report and Recommendations dated October 15, 2015 [Docket No. 16] is **VACATED**.

3.     The Judgment dated October 16, 2015 [Docket No. 17] is **VACATED**.

4.     The Court **OVERRULES** Jones' objections [Docket No. 18] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated September 10, 2015 [Docket No. 12].

4.     Jones' claims are **DISMISSED without prejudice**.

5.     Jones' Application to Proceed without Prepaying Fees or Costs [Docket No. 2] is **DENIED as moot**.

6.     Jones' Application to Proceed IFP on Appeal [Docket No. 21] is **DENIED as moot**.

7.     Jones' Motion to Amend or Make Additional Findings of Fact [Docket No. 23] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  March 29, 2016                    s/ *John H. Tunheim*
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                      Chief Judge
                                           United States District Court